Rutland,
*February,*
1843.

Hodgman
*v.*
Hitchcock
*et al.*

---

DAVID HODGMAN, jr. v. REMEMBRANCE HITCHCOCK, HARRY W. MERRILL and HARRY HITCHCOCK.

### ( *In Chancery.* )

H. conveyed to M. & H. certain premises, taking back a bond of defeasance. By a subsequent arrangement between these parties, for the purpose of enabling H. to pay the amount due to M. & H. upon the mortgage, the former surrendered to the latter their bond of defeasance, who, thereupon, conveyed the premises to R. H. to whom H. at the same time, conveyed whatever interest he was supposed to have in them. R. H. thereupon advanced a certain sum which went to M. & H. in satisfaction of what was mutually estimated, and believed, by H. and M. & H. to be due the latter; and R. H. at the same time, executed a bond of defeasance to H.:—*Held,* that, although the sum estimated to be due to M. & H. and advanced by R. H. fell short of the sum actually due, there remained no subsisting lien upon the premises in favor of M. & H. for the security of such balance.

THIS was the case of a bill brought to redeem certain premises, to which the defendants severally made answer; and upon a hearing on the bill and answers there was a decree, from which the defendants, Harry W. Merrill and Harry Hitchcock appealed. The facts in the case sufficiently appear in the opinion of the court.

RUTLAND,
*February,*
1843.

Hodgman
*v.*
Hitchcock
*et al.*

After argument by *E. L. Ormsbee* for the orator, and *R. R. Thrall,* for defendants, the opinion of the court was delivered by

ROYCE, J.—This is an appeal from chancery. Hodgman, the orator, brought his bill to redeem certain premises, which he had first conveyed to Merrill and Hitchcock, and afterwards to Remembrance Hitchcock ; taking back, upon each occasion, a writing of defeasance. The cause was heard upon the bill and answers.

The facts, which are deemed material to be noticed in the present state of the case, are substantially these :—After the debt secured to Merrill & Hitchcock had accumulated to the sum of three thousand dollars, they required payment, and it was agreed that application should be made to Remembrance Hitchcock for the money. In order to carry this arrangement into effect, the orator surrendered to Merrill & Hitchcock their bond of defeasance, and they conveyed the premises to Remembrance Hitchcock, to whom the orator also conveyed whatever interest he was supposed to have in the premises. Remembrance Hitchcock, thereupon, advanced the sum of three thousand dollars, which went to Merrill & Hitchcock, in liquidation of their demands against the orator ; and Remembrance Hitchcock, at the same time, executed his bond of defeasance to the orator ; thus in effect, creating a new mortgage from the orator to Remembrance Hitchcock to secure the repayment of the three thousand dollars. It now appears from the answers of Merrill & Hitchcock, that the adjustment which took place at the time of said arrangement with Remembrance Hitchcock, did not include all their claims against the orator, which were secured by his original mortgage to them ; but that nearly five hundred dollars of these claims, including interest and costs, with some additional

Rutland,
February,
1843.

Hodgman
v.
Hitchcock
et al·
advancements to the orator, still remain due. This is also reported by the master. And the sole question is, whether, in order to redeem the premises, the orator should have been decreed to pay this amount to Merrill & Hitchcock, besides paying to Remembrance Hitchcock the sum due upon the mortgage to him.

It is clear that Remembrance Hitchcock could not insist upon such a payment, in right of Merrill & Hitchcock, because it would be inconsistent with his bond to the orator, which obliged him to re-convey on payment simply of his own debt. And if Merrill & Hitchcock can claim a decree for it in this suit, it must be upon the ground of some equitable interest still existing in, or atttaching to, the mortgaged premises, for their benefit. It is only between them and the orator that any such interest can be pretended to exist. And here the question is not, whether, upon the facts disclosed, a court of equity might compel the orator to create a lien upon his estate in the premises in favor of these creditors, but whether such lien has, all along existed, as a basis for the decree sought. These defendants impute no fraud in the arrangement which brought Remembrance Hitchcock into their place. On the contrary, the orator seems to have acted throughout, upon that occasion, in accordance with their wishes and direction. They admit that the three thousand dollars was mutually estimated and believed at the time, to be sufficient to satisfy all their claims against the orator. In this belief they, as well as the orator, conveyed, unconditionally, to Remembrance Hitchcock, and these defendants took up and cancelled their bond of defeasance originally given to the orator. As a necessary consequence of this, the relation of mortgagor and mortgagee between these parties became dissolved. And the transaction conclusively shows that such a result was intended.

There was, therefore, no such abiding interest or lien in favor of Merrill & Hitchcock as they now claim. The allegation in their answers, that they never discharged their lien, if taken in a narrow and literal sense, is consistent with the legal effect of the transaction ; since they may have conveyed their lien to Remembrance Hichcock, or suffered it to become extinguished, without any formal discharge of it. But if tak-

en in the sense now contended for, it is inadmissible, being an averment against the known operation and effect of their own acts. Neither can any effect be given, for the present purpose, to the subsequent request of the orator, as alleged in the answers of these defendants, that they should make him further advances and retain their lien. They had no lien, in faith of which to make such advances.

On the whole, without deciding whether the court of chancery, upon proper proceedings taken for that purpose, might have set up an equitable mortgage against the orator, in favor of Merrill & Hitchcock for the balance of their claims, we are satisfied that it could not be done in the present state of this suit.

Decree of the chancellor affirmed.